In the Matter of the Claim of PAUL SAVILLE, Respondent, v. TOWN OF QUEENSBURY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its insurance carrier from an order of the Workmen's Compensation Board dated April 25, 1961. While performing the duties of a volunteer fireman, claimant sustained a sprain of the left foot and a chip fracture of its cuboid bone on June 24, 1960. He was totally incapacitated from the date of the injury to the following August 8 when he returned to his employment. In four medical reports filed by the attending physician, the final of which was dated August 24, 1960, it was stated that the injury would not result in a permanent defect. The claim was not controverted by the carrier and benefits were paid for the period of six weeks and one day during which claimant was absent from work. At the hearing before the Referee on January 30, 1961 claimant was examined by a board physician who found and reported a 10% permanent loss of use of the left foot. A schedule award accordingly was made and the case closed. The carrier thereupon noted a general objection "for the record" but did not apply to cross-examine the board physician or to be afforded an opportunity to produce claimant's attending physician or other medical proof. On February 16, 1961 in a letter to the board it acknowledged the receipt of form C-18 and further stated: "The entire medical from inception of the case indicates no permanency resulting from this injury. Because of this the carrier respectfully requests that the case be referred to the Chief Medical Examiner for his opinion as to what permanency does exist. Since the attending physician has consistently indicated no permanency we do feel the question should be resolved by the chief medical examiner." The application was denied by the chairman of the board acting individually. Appellants contend that the letter constituted an application to the board for a review of the award of the Referee (Workmen's Compensation Law, § 23) and that they were entitled thus to have it conducted by the board itself or by a panel thereof consisting of not less than three members as mandated by subdivision 2 of section 142. Deprivation of the statutory right, they argue primarily, was error as a matter of law. The fallacy of their deductive reasoning is that the major premise is patently faulty. A mere reading of the letter makes manifest that the carrier sought no review of the Referee's decision on the ground now contended for or any other; in the light of the conflicting medical evidence on the issue of permanency a physical examination of claimant by a board employee only was requested; the reference to the attending physician's reports indicating that no permanency existed obviously was intended to be supportive of the position that the board's discretion should be exercised in the direction sought. An application such as was here made may be entertained and determined either by the board or its chairman. (Workmen's Compensation Law, § 19; Rules and Procedure of the Workmen's Compensation Board, rule 11.) The refusal to refer the matter to the compensation medical director for the board involved only the exercise of discretion. On this record we may not say, as a matter of law, that his action was arbitrary. (*Matter of Lu Core* v. *Hooker Electrochem. Co.*, 6 A D 2d 624.) Order unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Coon, J. P., Gibson, Herlihy, Reynolds and Taylor, JJ.